UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRUDENT WHEELER,

     Plaintiff,

v.                                                    Case No.:  8:22-cv-2818-WFJ-MRM

DEPARTMENT OF VETERANS
AFFAIRS,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

     Plaintiff Trudent Wheeler filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) on December 12, 2022, which the Court construes as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and M.D. Fla. R. 6.03.  (*See* Doc. 2).  Plaintiff seeks leave to proceed *in forma pauperis*, which is without pre-payment of fees.  The Undersigned has carefully reviewed the Complaint (Doc. 1) and the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) under 28 U.S.C. § 1915 and relevant pleading standards.  Based upon that review, the Undersigned recommends that Plaintiff be required to amend the Complaint.

## LEGAL STANDARDS

     When a plaintiff files an application or motion to proceed *in forma pauperis*, the Court must review the pleading and the case under 28 U.S.C. § 1915.  Upon such a review, § 1915 requires the Court to dismiss the case if the Court determines that:

(A)     the allegation of poverty is untrue; or

(B)     the action or appeal—

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  A complaint is considered to be "frivolous" when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Notably, while *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 447 n.2 (11th Cir. 2008), a litigant's *pro se* status "generally will not excuse mistakes [the litigant] makes regarding procedural rules," *Mickens v. Tenth Judicial Cir.*, 181 F. App'x 865, 875 (11th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).  This means that even *pro se* litigants must, among other things, meet minimal pleading standards and allege the essential elements of their claims for relief.  *See Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

As a threshold consideration, Fed. R. Civ. P. 8 requires a pleading to contain:

(1)     a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)     a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)     a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3).  A plaintiff's obligation to show entitlement to relief requires more than labels, conclusions, or a formulaic recitation of the cause of action's elements.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007).  Rather, a complaint must contain enough factual allegations to "state a claim to relief that is plausible on its face."  *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court need not accept legal conclusions or threadbare recitals of the elements of a cause of action supported by conclusory statements as true.  *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The Undersigned has carefully reviewed Plaintiff's Complaint (Doc. 1) in light of the pleading standards articulated above and the requirements of § 1915.  The Undersigned finds and determines that Plaintiff must amend the Complaint (Doc. 1) for at least one reason.[1]

---

[1] There are potentially additional issues with Plaintiff's Complaint, including the fact that the allegations are not in numbered paragraph form as required by Federal Rule of Civil Procedure 10 and that the pleading is likely an impermissible shotgun pleading because it attempts to bring claims under both the Eighth and Fourteenth Amendments but does not separate each cause of action into separate counts.  *See Silverthorne v. Yeaman*, 668 F. App'x 354, 355 (11th Cir. 2016) (citation omitted).  The Undersigned does not address these other issues at this time because it is unclear whether the Court even has jurisdiction to address Plaintiff's Complaint on other grounds.

Plaintiff brings an action that fails to state a claim on which relief may be granted within the meaning of 28 U.S.C. § 1915(e)(2)(B)(ii).  Specifically, Plaintiff fails to establish that this Court has jurisdiction to hear her claims.  In her Complaint, Plaintiff alleges that she is the surviving spouse of a combat veteran.  (Doc. 1 at 5).  She asserts that she applied for survivor's benefits, but the Department of Veterans Affairs ("VA") wrongfully denied her the benefits.  (*Id.*).  As a result, Plaintiff contends that her Eighth and Fourteenth Amendment rights have been violated.  (*Id.* at 4).  She requests the Court compel the VA to pay her owed benefits and $400,000 in punitive damages.  (*Id.* at 6).

"Through the Veterans' Judicial Review Act (VJRA), Congress created an exclusive scheme for the review of claims affecting veterans' benefits."  *Andrews v. Sec., Dep't of Veterans Affairs*, 845 F. App'x 880, 883 (11th Cir. 2021).  "Under the VJRA, 'the Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.'"  *Id.* (quoting 38 U.S.C § 511(a)).  The VJRA provides that appeals of the Secretary's determinations are made exclusively to the Board of Veterans' Appeals.  38 U.S.C. § 7104(a).  From there, decisions are appealed to the Court of Appeals for Veterans Claims.  38 U.S.C. §§ 7251, 7252(a).  An appeal from the Court of Appeals for Veterans claims is then taken to the Federal Circuit.  38 U.S.C. § 7292(c).  That court has "exclusive jurisdiction to review and decide any challenges to the validity of any statute or regulation or any interpretation thereof brought under this section, to interpret

constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* "Because the VJRA establishes an exclusive regime, district courts are divested of jurisdiction where the VJRA applies." *Andrews*, 845 F. App'x at 883.

As explained by the Eleventh Circuit, "[t]he VJRA is broad." *Id.* (citing *Anestis v. United States*, 749 F.3d 520, 525 (6th Cir. 2014)). "Indeed, 'courts have consistently held' that its scope extends to constitutional or tort claims 'whose resolution would require the court to intrude upon the VA's exclusive jurisdiction.'" *Id.* at 883-84 (quoting *Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000)). "The VJRA's applicability—and conversely a district court's jurisdiction—depends on the gravamen of the claim, rather than its label." *Id.* at 884. "The question, then, is whether the gravamen of [Plaintiff's] claims places them within the scope of the VJRA. If so, the district court lack[s] jurisdiction." *Id.*

Here, Plaintiff's primary concern is the denial of survivor's benefits. (Doc. 1). But "any and all determinations by the Secretary as to eligibility, entitlement, or the scope of benefits . . . is 'a decision by the Secretary under a law that affects the provision of benefits.'" *Smith v. United States*, 7 F.4th 963, 985 (11th Cir. 2021) (quoting 38 U.S.C. § 511(a)). Therefore, even taking Plaintiff's allegations as true, this Court likely lacks jurisdiction to determine entitlement to such benefits under Section 511(a). *See Andrews*, 845 F. App'x at 883-84; *see also Camer v. Dep't of Veterans Affairs*, No. 2:22-cv-575-JES-NPM, 2022 WL 16743833, at *3 (M.D. Fla. Nov. 7, 2022) (dismissing lawsuit for determination of entitlement to dental health care

benefits for lack of jurisdiction).  However, "courts must generally give a *pro se* party at least one opportunity to amend before dismissing the complaint." *Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1377 (M.D. Fla. 2014), *aff'd sub nom. Beepot v. JP Morgan Chase Nat. Corp. Servs., Inc.*, 626 F. App'x 935 (11th Cir. 2015) (citing *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 999-1000 (11th Cir. 2014)).

Based upon the foregoing, the Undersigned recommends permitting Plaintiff one opportunity to amend her Complaint to address why this Court would have jurisdiction over her claims.  Additionally, because the Undersigned recommends requiring Plaintiff to amend the Complaint, the Undersigned also recommends requiring Plaintiff to file an updated affidavit of indigency on an AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) reflecting any change in her financial circumstances.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1.     The Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Doc. 2), construed as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and M.D. Fla. R. 6.03, be **DENIED WITHOUT PREJUDICE**.

2.     The presiding United States District Judge—

    a. order Plaintiff by a date certain to file a First Amended
Complaint that demonstrates why this Court has jurisdiction
over her claims and otherwise complies with the Federal Rules of
Civil Procedure,

    b. order Plaintiff to file an updated AO 240 Application to Proceed
in District Court Without Prepaying Fees or Costs (Short Form)
at the same time she files the First Amended Complaint, and

    c. direct the Clerk of Court to send Plaintiff a copy of the AO 240
Application to Proceed in District Court Without Prepaying Fees
or Costs (Short Form).

3. If Plaintiff fails to comply timely with the presiding United States
District Judge's Order, her action be dismissed without further notice.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on December 22,
2022.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this
Report and Recommendation to file written objections to the Report and

Recommendation's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C).

A party's failure to file written objections waives that party's right to challenge on

appeal any unobjected-to factual finding or legal conclusion the district judge adopts

from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to

respond to an objection may do so in writing fourteen days from the date the party is

served a copy of the objection.  To expedite resolution, the parties may also file a

joint notice waiving the fourteen-day objection period.


Copies furnished to:

Counsel of Record
Unrepresented Parties